BRYAN SCHRODER
United States Attorney

G. MICHAEL EBELL
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: Michael.ebell@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| UNITED STATES OF AMERICA, | ) No. 3:19-cr-00126-RRB |
|---|---|
| Plaintiff, | ) |
| vs. | ) |
| JUAN CAMARENA, | ) |
| Defendant. | ) |

**SENTENCING MEMORANDUM**

I.   REQUESTED SENTENCE

    **Incarceration** ................................................................................ 37 months

    **Supervised Release** ........................................................................... 3 years

    **Special Assessment** ......................................................................... $100.00

//

II. SUMMARY

The defendant has seven felony over his lifetime, from 1987 to 2015. PSR ¶¶ 35-42. As such, the defendant is prohibited from possessing a firearm.

On November 11, 2019, while investigating a triple homicide, the Alaska State Troopers found 9mm and .40 caliber ammunition in various locations in the defendant's residence. PSR ¶ 11.

The Presentence Report calculated the applicable sentencing guideline range to be 37 to 46. PSR pg. 1. Probation recommends 46 months imposed. PSR pg. 1. Pursuant to the plea agreement, the United States asks the Court to apply a two-level reduction to the offense level when calculating the guideline range. This recommended variance is based upon the Defendant's agreement for prompt resolution of the case, to be sentenced by video teleconferencing, and more, as outlined in the plea agreement. This reduction results in a guideline range of 30-37 and the United States recommends a 37 month sentence.

Government agreed to recommend a two-level variance from the applicable guideline range, and a sentence at the bottom of that range. This agreed upon variance is based upon the Defendant's agreement to prompt resolution of the case, to be sentenced by video teleconferencing, and more, as outlined in the plea agreement. These recommendations are made in recognition of the COVID-19 pandemic, and the public interest in efficient administration of justice where a defendant takes early and thorough responsibility for his actions.

III.  FACTORS ENUMERATED BY CONGRESS

In addition to calculating the defendant's advisory sentencing range under the Guidelines, the Court must also consider the factors and purposes enumerated in 18 U.S.C. § 3553(a). Those factors indicate that the sentence recommended by the United States is "sufficient, but not greater than necessary," to achieve these goals. *Id.*

   A.   18 U.S.C. § 3553(a)(1): Offense and offender

      1.   Nature of the offense

The defendant had ammunition scattered in multiple locations in the trailer where he lived. PSR ¶ 11. Additionally, witnesses indicated that he regularly carried a firearm and had firearms "everywhere." PSR ¶¶ 8-9, 30. Defendant was a person of interest in a triple homicide which is still under investigation, which lead to the search of him. PSR ¶ 11. At the time of the search Mr. Camarena had not been back to his trailer since the homicides – nine days. PSR ¶ 8. The likelihood that he took contraband with him before this extended absence reconciles the witness statements with the relatively minimal quantity of ammunition which was found.

      2.   Characteristics of the offender

The defendant's criminal history is Category IV, indicating significant criminal activity. He has multiple serious felony convictions involving assault and distribution of controlled substances. PSR ¶ 35-41. In 2000 he was convicted for distribution of significant quantities of methamphetamine and received the significant sentence of 7 years. PSR ¶ 40. This significant sentence was insufficient to deter Mr. Camarena from criminal activities

and he has two more felonies since then. PSR ¶ 41, 42. The defendant has continued criminal behavior well through his middle age undeterred.

    B.       18 U.S.C. § 3553(a)(2): Needs of the sentence

Congress has directed the courts to consider the need for the sentence imposed to meet the various goals of the criminal justice system to punish, deter, and rehabilitate offenders in a consistent manner.

        1.       18 U.S.C. § 3553(a)(2)(A)

            *a)*       *Seriousness of the Offense*

As a convicted felon, the defendant unlawfully possessed ammunition. This serious offense reflects Congress' purpose in prohibiting felons from possessing ammunition: "to keep firearms away from the persons Congress classified as potentially irresponsible and dangerous." *Barrett v. U.S.*, 423 U.S. 212, 218 (1976).[1] There were two different calibers of ammunition found in multiple places in his home. PSR ¶ 11. The evidence further suggests that this ammunition was there because the defendant regularly carried a firearm and went shooting. PSR ¶ 30.

            *b)*       *Respect for the Law*

The defendant's criminal history is consistent throughout his lifetime. He continually commits offenses despite the punishment imposed.

            *c)*       *Just Punishment*

The proposed sentence will constitute a just punishment.

---

[1] The prohibition on felons possessing firearms that now exists at 18 U.S.C. § 922(g)(1) formerly appeared at 18 U.S.C. § 922(h)(1). *Barrett*, 423 U.S. 212 at fn. 1.

U.S. v. Camarena
3:19-cr-00126-RRB

4

2. 18 U.S.C. § 3553(a)(2)(B): Specific and general deterrence

The defendant's history demonstrates that even lengthy periods of incarceration have not deterred him from criminal behavior. However, the proposed sentence may demonstrate that the benefit of carrying firearms and filling his home with ammunition is imply not worth spending chunks of his life incarcerated. The proposed sentence of 37 months may be sufficient to deter Mr. Camarena from this specific conduct going forward. The Court may deter felons generally from possessing firearms and ammunition by imposing a sentence in this case.

3. 18 U.S.C. § 3553(a)(2)(C): Protecting the public

The proposed sentence of incarceration will protect the public from the risk posed by the defendant possessing firearms and ammunition.

4. 18 U.S.C. § 3553(a)(2)(D): Training & treatment

The PSR notes that the defendant is currently employable and does not appear to be in need of particular training or treatment. PSR, pg. 2.

C. 18 U.S.C. § 3553(a)(3): Kinds of sentences available

The crime of Felon in Possession of a Firearm is a Class D felony, punishable by up to ten years in prison, three years of supervised release, $250,000 in fines, and a $100 special assessment. 18 U.S.C. § 922(g).

D. 18 U.S.C. § 3553(a)(4): U.S.S.G. range

As discussed in II, above, the government's proposed sentence is within the modified Guideline range. This modification is appropriate and reflects the sentencing

interests addressed above.

E.         18 U.S.C. § 3553(a)(5): Policy statements

The Court should consider any relevant policy statements by the Sentencing Commission.

F.         18 U.S.C. § 3553(a)(6): Avoiding unwarranted disparities

The Court should avoid unwarranted disparities in sentencing. The proposed sentence of 37 months is within the guideline range for this conduct and the defendant's criminal history category.

G.         18 U.S.C. § 3553(a)(7): Restitution

The government is presently unaware of any need for restitution in this case.

IV.    CONCLUSION

The proposed sentence of 37 months serves the interests of justice in sentencing the defendant for his illegal possession of ammunition. While the defendant has a lengthy history of serious criminal behavior, in this case he has come forward to take responsibility for his action. His willingness to address this case during the COVID-19 pandemic hopefully coincides with a willingness to address the reality that he is not legally permitted to possess firearms or ammunition. This recognizes his taking responsibility while still protecting the community for a significant length of time of both incarceration and supervised release.

//

//

RESPECTFULLY SUBMITTED January 5, 2021, in Anchorage, Alaska.

BRYAN SCHRODER
United States Attorney

s/ G. Michael Ebell
G. MICHAEL EBELL
Assistant U.S. Attorney
United States of America

**CERTIFICATE OF SERVICE**

I hereby certify that on January 5, 2021,
 a true and correct copy of the foregoing
was served electronically on the following:

Counsel of Record

s/ G. Michael Ebell
Office of the U.S. Attorney

U.S. v. Camarena
3:19-cr-00126-RRB